IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT THOMPSON,                          )
                                          )
              Plaintiff,                  )
                                          )
vs.                                       )   No. CIV-09-1350-C
                                          )
THE CITY OF SHAWNEE, OKLAHOMA,)
an Oklahoma Municipal Corporation;        )
TECUMSEH AUTO SALES &                     )
INVESTMENTS, LLC, a/k/a                   )
TECUMSEH AUTO SALES, L.L.C.,              )
ANTHONY GRASSO, MARSHELLA                 )
BEAUCHAMP, and DIANN LOGUE,               )
a/k/a DIANE LOGUE,                        )
                                          )
              Defendants.                 )

MEMORANDUM OPINION AND ORDER

Plaintiff purchased a pickup from Defendant Tecumseh Auto Sales. Pursuant to the contract for the purchase, Plaintiff made a down payment and agreed to make monthly payments, with the first payment due on December 3, 2008. According to Plaintiff, on or about November 20, 2008, Defendant Grasso talked to Defendant Logue, who is the manager of Defendant Tecumseh Auto Sales, telling her that the truck sold to Plaintiff had been used in thefts and robberies and there was property in the truck which was evidence needed to prosecute Plaintiff. Plaintiff alleges that Grasso urged Defendant Tecumseh Auto Sales to repossess the pickup and turn the personal property in the pickup over to Grasso. According to Plaintiff, the pickup was repossessed on November 21, 2008, and certain personal property of his was retained.

Believing Defendant's actions were in violation of the law, Plaintiff filed the present action raising claims of tortious interference with contract, civil conspiracy, replevin, trespass, conversion, and a 42 U.S.C. § 1983 claim alleging violation of the Fourth Amendment. Defendants City of Shawnee and Grasso ("Defendants") have each filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), outlining certain alleged deficiencies in Plaintiff's Amended Complaint.[1]

Defendant's request for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to examine the well-pled allegations in Plaintiffs' Complaint and determine if they state a plausible claim for relief. The Court must examine the "specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (citing Bell Atl.Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), and Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1247 (10th Cir. 2007).

---

[1] Because the motions raise substantially similar arguments, they will be addressed together where practicable.

1. Replevin

Defendants argue that Plaintiff's allegations in support of his replevin claim fail to satisfy the requirements of 12 Okla. Stat. § 1571. According to Defendants, Plaintiff has failed to identify the specific property which was taken. Defendant Grasso argues that the claim should be dismissed as to him, since Plaintiff's allegations assert the property is now in the possession of the City of Shawnee. Both Defendants argue that Plaintiff has failed to demonstrate his ownership of the property and that his complaint for replevin was not verified.

Initially the Court notes that the allegations in the Amended Complaint are clear that the replevin claim is brought only against the City of Shawnee. Therefore, to the extent Defendant Grasso seeks dismissal of the claim, his request will be denied as moot. The remaining challenges brought by Defendant Shawnee will be denied. To plead a claim for replevin, Plaintiff must set forth facts which if proven would establish the following elements:

> "1) a description of the property claimed; 2) that the plaintiff is the owner of the property and is entitled to its immediate possession; 3) that the property is wrongfully detained by the defendant; 4) the actual value of the property; 5) that the property was not taken in execution on any order or judgment; and 6) that the prayer for relief requests that the court issue an order for the immediate delivery of the property."

Hopkins v. West, 2009 WL 5350550 (Okla. Civ. App. Div. 2 Oct. 29, 2009), 2009 OK CIV APP 104, ¶ 12, --- P.3d --- (quoting Barton v. Warren, 2005 OK CIV APP 56, ¶ 3, 120 P.3d 484, 485). Here, Plaintiff's Amended Complaint satisfies these requirements. Although

3

Plaintiff's description of the property could have been more specific, given the circumstances under which Defendant obtained the property, there can be no question that it is aware of the property Plaintiff seeks to recover. As for Defendant's argument that the complaint for replevin should be dismissed because it is not verified, Oklahoma law does not require dismissal as a result of that defect. Rather, the failure to verify the petition or file an affidavit merely precludes any order directing delivery to Plaintiff until such time as that defect is corrected. See Parker v. Henry, 1977 OK 13, 559 P.2d 1249, 1249-50. For these reasons, the replevin claim will not be dismissed.

2. Civil Conspiracy

Defendants next challenge Plaintiff's claim for civil conspiracy. Under Oklahoma law:

> A civil conspiracy consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means. Unlike its criminal counterpart, civil conspiracy itself does not create liability. To be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means. There can be no civil conspiracy where the *act* complained of and the *means employed* are lawful.

Brock v. Thompson, 1997 OK 127, ¶ 39, 948 P.2d 279, 294 (footnotes omitted). Defendants argue that the allegations in the Amended Complaint fail to allege that the alleged conspirators engaged in an independently unlawful act or used an independently unlawful means. According to Defendants, under the terms of the retail installment contract, Defendant Tecumseh Auto could repossess the pickup at any time in which it believed that Plaintiff was using the collateral for illegal acts. While that may be true, that right extends

only to the collateral, not the personal property. Thus, Plaintiff's conspiracy claim survives at least as to the personal property. For this reason, Defendants' motions to dismiss the civil conspiracy claim will be denied.

3. Interference with Contract

Defendants next challenge Plaintiff's claim for intentional interference with contract. To establish a claim for intentional interference with contract, Plaintiff must allege and prove (1) interference with an existing contract; (2) interference that was malicious and wrongful; (3) interference that was unjustified, unprivileged, or inexcusable; and (4) damage proximately caused by the interference. Wilspec Techs., Inc. v. DunAn Holding Group Co., Ltd., 2009 OK 12, ¶ 15, 204 P.3d 69, 74. Plaintiff argues that he has properly pled facts supporting each of these elements. As noted by Defendants, in the Amended Complaint Plaintiff no longer disputes the truthfulness of Grasso's comments regarding the use of the pickup while engaging in criminal activity. Thus, Plaintiff has failed to allege that Grasso's actions were malicious and wrongful, or that the interference was unjustified, unprivileged, or inexcusable. Consequently, Defendants are entitled to dismissal without prejudice of Plaintiff's claim for intentional interference with contract.

4. Trespass

Defendants argue that Plaintiff has failed to state a claim of trespass because his only allegation was that Grasso came to the home of Plaintiff. Defendants argue there is no allegation that Grasso physically invaded any real estate of Plaintiff, nor is there any

5

allegation which would support the existence of a trespass with respect to Plaintiff's truck. Oklahoma law states:

> a trespasser is one who enters upon the property of another without any right, lawful authority, or express or implied invitation, permission, or license, not in the performance of any duty to the owner or person in charge or on any business of such person, but merely for his own purposes, pleasure, or convenience, or out of curiosity.

Williamson v. Fowler Toyota, Inc., 1998 OK 14, ¶ 15, 956 P.2d 858, 862. Again, although Plaintiff's Amended Complaint is far from clear, there are sufficient plausibilities within the phrase "came to the home of Plaintiff" to adequately put Defendants on notice of Plaintiff's allegations. Thus, Plaintiff has plausibly stated a claim for relief and Defendants' motions will be denied on this issue.

5. Conversion

Defendants argue that Plaintiff cannot state a claim for conversion because Defendant Grasso took possession of the personal property of Plaintiff as criminal evidence. "Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." Welty v. Martinaire of Oklahoma, Inc., 1994 OK 10, ¶ 6, 867 P.2d 1273, 1275. Applying this standard, the Court finds Plaintiff's claims must survive for now. It is impossible to determine from the face of the complaint the status of the criminal charges, if any, against Plaintiff. Therefore, it is impossible to determine whether the personal property which Plaintiff alleges was converted has in fact been retained as evidence for that prosecution. Until that matter can be resolved, it cannot

be said that Plaintiff has failed to state a claim for conversion. Accordingly, Defendants' motion will be denied on this point.

6. Qualified Immunity

Defendant Grasso argues he is entitled to qualified immunity on Plaintiff's § 1983 claim. In support of this argument, Defendant Grasso argues that, under the provisions of the retail installment sales contract, Defendant Tecumseh Auto had sufficient interest in the pickup to exercise control and therefore it had the authority to consent to a search of the pickup and the seizure of its contents. Defendant's argument lacks any legal authority to support such a broad proposition. In the alternative, Defendant Grasso argues that once Tecumseh Auto repossessed the pickup, it had the authority to permit Grasso to search the contents of the pickup. While this argument may well hold true, it ignores the allegations of Plaintiff's Amended Complaint. In the Amended Complaint, Plaintiff, in addition to complaining of the search of his pickup, also complains about Defendant Grasso's entry onto his property. As Defendant Grasso concedes, it is well accepted that a warrantless entry onto property violates the Fourth Amendment absent specific exceptions. Thus, to the extent Plaintiff has alleged such conduct by Grasso, he has properly stated a 42 U.S.C. § 1983 claim. Defendant Grasso's motion will be denied on this point.

7.  OGTCA

Defendant City raises the additional argument that, pursuant to the terms of the Oklahoma Governmental Tort Claims Act[2], it cannot be held liable for the wrongs of Defendant Grasso which occurred outside the scope of employment. Plaintiff agrees with that general proposition, but argues that he has pled in the alternative that Grasso was acting either in the course and scope of his employment or outside the course and scope of his employment, and that the City of Shawnee remains liable for any acts that occurred within the scope of his employment. Plaintiff has pled that Defendant Grasso either acted with or without legal authority but that he was acting within the scope of his employment. Under the Governmental Tort Claims Act, the governmental entity is responsible only where the alleged tort occurs within the scope of employment. "Scope of employment" is defined in 51 Okla. Stat. § 152 as performance by an employee acting in good faith within the duties of his office or employment or of tasks lawfully assigned by a competent authority. At this stage of the proceedings, it is simply impossible to determine which, if any, of Defendant Grasso's alleged acts fall outside this definition. Accordingly, Defendant City of Shawnee is not entitled to dismissal of the tort claims brought against it by Plaintiff, and its motion to dismiss on this point will be denied.

For the reasons set forth more fully herein, the City of Shawnee's Motion to Dismiss Thompson's Amended Complaint (Dkt. No. 14) is GRANTED IN PART and DENIED IN

---

[2] Oklahoma's Governmental Tort Claims Act, 51 Okla. Stat. § 151 et seq.

PART. Defendant Anthony Grasso's Motion to Dismiss (Dkt. No. 15) is GRANTED IN PART and DENIED IN PART. The motions are granted only as to the interference with contract claim and those claims are dismissed without prejudice. Should Plaintiff wish to maintain the dismissed claims, he must file an amended complaint within ten days of the date of this Order. In light of Plaintiff's dismissal of the claims against Marshella Beauchamp, her Motion to Dismiss (Dkt. No. 16) is stricken as moot.

IT IS SO ORDERED this 3rd day of May, 2010.

ROBIN J. CAUTHRON
United States District Judge