IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT THOMPSON,                )
                                )
              Plaintiff,        )
                                )
vs.                             )        No. CIV-09-1350-C
                                )
THE CITY OF SHAWNEE, OKLAHOMA,  )
an Oklahoma Municipal Corporation; et al., )
                                )
              Defendants.       )

MEMORANDUM OPINION AND ORDER

Plaintiff purchased a pickup from Defendant Tecumseh Auto Sales. Pursuant to the contract for the purchase, Plaintiff made a down payment and agreed to make monthly payments, with the first payment due on December 3, 2008. According to Plaintiff, on or about November 20, 2008, Defendant Grasso talked to Defendant Logue, who is the manager of Defendant Tecumseh Auto Sales, telling her that the truck sold to Plaintiff had been used in thefts and robberies and there was property in the truck which was evidence needed to prosecute Plaintiff. Plaintiff alleges that Grasso urged Defendant Tecumseh Auto Sales to repossess the pickup and turn the personal property in the pickup over to Grasso.

On May 3, 2010, the Court granted in part Defendant City of Shawnee's and Grasso's Motions to Dismiss. In particular the Court granted the challenge to the interference with contract claim. However, the Court's dismissal was without prejudice. Plaintiff has filed a Second Amended Complaint in an attempt to breathe new life into the interference claim.

Once again Defendant City has responded with a Motion to Dismiss. However, City has now, for the first time, come forward with Oklahoma law which explicitly holds that an interference claim is barred under the Oklahoma Governmental Tort Claim Act ("OGTCA")[1].

"The elements of a claim for malicious interference are: 1) interference with a business or contractual right; 2) malicious and wrongful interference that is neither justified, privileged, nor excusable; and 3) damage proximately sustained as a result of the interference." Tuffy's, Inc. v. City of Oklahoma City, 2009 OK 4 ¶ 14, 212 P.3d 1158, 1165 (footnote omitted). In examining the elements of this tort, the Oklahoma Supreme Court noted: "The element of malice, for malicious interference, is defined as an unreasonable and wrongful act done intentionally, without just cause or excuse." Id. The Oklahoma Supreme Court then considered the interplay of the requirement of malice with the terms of the OGTCA. "Because the element of malicious and wrongful interference necessarily involves some degree of bad faith, a political subdivision is not liable for malicious interference with a business relationship committed by its employees because bad faith actions are specifically excluded from the GTCA's definition of the scope of employment." Id. Thus, Defendant City's position is well supported and Plaintiff's claim must be dismissed.

For the reasons set forth herein, the City of Shawnee's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss the Tortious Interference with Contract Claim in the Second Amended Complaint

---

[1] Oklahoma's Governmental Tort Claims Act, 51 Okla. Stat. § 151 et seq.

(Dkt. No. 32) is GRANTED. Plaintiff's Tortious Interference with Contract Claim is DISMISSED with prejudice.

IT IS SO ORDERED this 12th day of July, 2010.

_____
ROBIN J. CAUTHRON
United States District Judge