IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT THOMPSON,            )
                            )
            Plaintiff,      )
                            )
vs.                         )      No. CIV-09-1350-C
                            )
THE CITY OF SHAWNEE, OKLAHOMA, )
an Oklahoma Municipal Corporation; et al., )
                            )
            Defendants.     )

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action alleging violation of constitutional rights and certain state-law based torts. Seeking relief for these alleged wrongs, Plaintiff sued the City of Shawnee ("City"), Anthony Grasso, a police officer employed by the City, Tecumseh Auto Sales & Investments LLC, and Diann Larque.[1] Defendant Tecumseh Auto Sales filed an Answer to Plaintiff's Complaint but no other pleadings have been filed by or against this Defendant. Defendant Larque has not been properly served.[2]

Within the deadline set by the Scheduling Order, Defendants City and Grasso filed a joint Motion for Summary Judgment, arguing the undisputed facts entitle them to judgment. Plaintiff objects, arguing Defendant Grasso violated his Fourth and Fourteenth Amendment

---

[1] Plaintiff incorrectly identified Ms. Larque as Ms. Logue in his pleadings.

[2] Plaintiff recognized in his Status Conference Report that Ms. Larque had not responded to the waiver of service he provided her. Plaintiff stated he would formally serve Ms. Larque. Nothing in the Court file reflects service on Ms. Larque.

rights and committed the torts of trespass, conversion, intentional interference with contract, and a civil conspiracy. As for Defendant City, Plaintiff alleges this Defendant committed trespass, conversion, and replevin. According to Plaintiff, disputed facts remain which preclude entry of judgment in favor of these Defendants[3] on any of these claims.

## FACTS

The underlying undisputed facts are as follows: In early November 2008, Plaintiff purchased a white F-350 pickup from Tecumseh Auto Sales. On November 10, 2008, Plaintiff deposited a counterfeit check into a bank account he had opened at City National Bank. Later that day, the branch manager for the bank, Mr. Hallock, gave a report to Defendant Grasso about Plaintiff's deposit of a counterfeit check. On November 19, 2008, Ms. Davis[4] spoke with Defendant Grasso. Ms. Davis relayed that Plaintiff had purchased t-posts[5] using a stolen check. Ms. Davis told Defendant Grasso where the stolen t-posts were located. Mr. Grasso then went to Ms. Walker's house where the t-posts were stored. Ms. Walker consented to a search of her property and Defendant Grasso located approximately 200 t-posts. Ms. Walker told Defendant Grasso that Plaintiff had purchased the t-posts with stolen checks. Mr. Knight arrived and gave Defendant Grasso the receipt Plaintiff had

---

[3] Where the term Defendants is used herein, it refers only to Defendants City and Grasso.

[4] Ms. Davis is the mother of Megien Walker. Ms. Walker, along with Mr. Knight, lived in a rent house where Plaintiff stored t-posts.

[5] A t-post is a steel fence post so named because of its shape.

2

provided for the t-posts.⁶ On November 20, 2008, Defendant Grasso went to the Lumber-2 where the t-posts were purchased and spoke with the assistant manager, Mr. VanHoose. Mr. VanHoose explained that the check used to purchase the t-posts was drawn on the bank and account where the counterfeit check was deposited. Mr. VanHoose also gave Defendant Grasso a description, including the license plate of the truck used to purchase the t-posts. Later on November 20, 2008, Mr. VanHoose contacted Defendant Grasso and informed him the checks used to purchase the t-posts were denied for insufficient funds.⁷ The license plate matched the truck sold to Plaintiff and showed the vehicle was still titled in the name of the owner of Tecumseh Auto Sales. During his investigation of ownership of the truck, Defendant Grasso learned the truck was registered to Mr. or Mrs. Beauchamp. Defendant Grasso then spoke with Ms. Larque⁸ at Tecumseh Auto Sales and learned the Beauchamps owned the business and the truck had been sold to Plaintiff. Defendant Grasso informed Ms. Larque of his suspicions regarding Plaintiff's criminal activity. Ms. Larque decided to repossess the truck.⁹ Ms. Larque then contacted Plaintiff who agreed to the repossession.

---

⁶ The facts related to the seizure of the t-posts are related to give full background to the case. However, as noted below, Plaintiff has failed to plead a claim related to this seizure.

⁷ Plaintiff challenges the timing of Defendant Grasso learning of the validity of the checks from Mr. Vanhoose. However, the materials before the Court establish that Defendant Grasso learned the checks were invalid later the same day that he first met with Mr. Vanhoose.

⁸ Ms. Larque was an employee of Tecumseh Auto Sales.

⁹ Plaintiff argues that Ms. Larque acted at the request of Defendant Grasso. However, Ms. Larque's affidavit clearly states that she made the decision to repossess the truck.

Although Plaintiff removed some personal items from the truck prior to its repossession, he left t-posts in the truck because he had nowhere to put them. After the truck was repossessed, Defendant Grasso went to the dealership. While at the dealership, Defendant Grasso, with Ms. Larque's permission, removed 35 t-posts from the truck as evidence.

## **STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then respond by either citing to the parts of the record that demonstrate a genuine dispute or showing that the materials provided by the proponent do not establish the absence of a genuine dispute. Fed. R. Civ. P. 56(e). This showing may be made "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving

4

party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

1. Fourth Amendment Claim

Plaintiff argues that when Defendant Grasso took the t-posts from Mr. Knight on November 19 and from the truck on November 20, an illegal seizure occurred which violated his Fourth Amendment rights. Defendant Grasso argues he is entitled to qualified immunity because the dealership had authority to consent to the seizure.

> Once the defendant asserts the qualified-immunity defense, the plaintiff bears the "heavy two-part burden" of demonstrating: (1) the defendant's violation of a constitutional right; and (2) the "infringed right at issue was clearly established at the time of the allegedly unlawful activity such that a reasonable law enforcement officer would have known that his or her challenged conduct was illegal."

Arnold v. Curtis, 243 F. App'x 408, 411-12 (10th Cir. 2007) (unpublished) (quoting Martinez v. Carr, 479 F.3d 1292, 1294-95 (10th Cir. 2007)). Plaintiff's claim fails for lack of the violation of a constitutional right.

As noted above, Defendant Grasso took 35 t-posts as evidence from the truck after it was repossessed by Tecumseh Auto Sales and was located at the dealership. Plaintiff consented to the repossession and knowingly left the t-posts in the truck when it was taken by the dealership. Once the dealership took possession of the truck, it had at least apparent

5

authority to consent to the search of the vehicle. The only question is whether or not Defendant Grasso was entitled to seize the t-posts.

> A warrantless seizure of evidence is sustainable if (1) the police officer was lawfully located in a place from which to plainly view the item; (2) the officer had a lawful right of access to the item; and (3) it was immediately apparent that the seized item was incriminating on its face.

United States v. Castorena-Jaime, 285 F.3d 916, 924 (10th Cir. 2002) (citing United States v. Sanchez, 89 F.3d 715, 719 (10th Cir. 1996)). The undisputed facts demonstrate that all three elements are satisfied. Defendant Grasso was at the dealership with permission and was able to view the t-posts in the back of the truck. Defendant Grasso had a description of the t-posts purchased with the invalid checks and the posts in the truck matched that description. Thus, Defendant Grasso had a legal right to seize the posts at the dealership and no reasonable jury could find that he violated Plaintiff's Fourth Amendment rights by the seizure. Thus, Defendant Grasso is entitled to qualified immunity.

To the extent Plaintiff seeks to bring a claim related to any seizure of t-posts from Ms. Walker's house, the claim must fail as it was not pleaded or otherwise raised prior to the Response to Defendants' motion. See Evans v. McDonald's Corp., 936 F.2d 1087, 1091 (10th Cir. 1991) (citing Fisher v. Metropolitan Life Ins. Co., 895 F.2d 1073, 1079 (5th Cir. 1990) (issues not raised until response to summary judgment not properly before the court). To permit Plaintiff to change the focus if his claims at this late stage[10] would prejudice

---

[10] The deadline for motions to amend the pleadings was June 1, 2010 and discovery closed on November 1, 2010.

Defendants. This is not a case of Plaintiff merely adjusting the legal rubric to match the facts learned in the case but the addition of an entirely new claim that would require additional discovery by Defendants for a proper response.

2. Fourteenth Amendment Claim

Plaintiff argues that Defendants violated his Fourteenth Amendment rights by seizing the t-posts from the truck and continuing to hold them through the time of filing his brief. As Defendants note, a Fourteenth Amendment claim cannot be brought where there is an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Under Oklahoma law, a person whose property is seized as part of a criminal investigation may have that property returned by virtue of the procedure set forth in 22 Okla. Stat. § 1321. Plaintiff may also seek recovery of the posts through an action for replevin or conversion. Because adequate post-deprivation remedies exist, Plaintiff's Fourteenth Amendment claim must fail.

3. Trespass

In his Amended Complaint, Plaintiff claims that Defendants trespassed on his property for the purpose of taking possession of the truck. In their motion, Defendants note that none of them entered Plaintiff's property and that the only entry related to the truck was the repossession and that act occurred with Plaintiff's permission. Plaintiff fails to offer any response to Defendants' brief on this issue. After review of Defendants' arguments and the facts supporting them, the Court finds Defendants are entitled to judgment on Plaintiff's claim for trespass.

4. Conversion

    Plaintiff argues that his claim for conversion is valid despite the fact that he purchased the t-posts with an insufficient check. Plaintiff argues that at the time of the seizure of the posts, Defendant Grasso could not have known that the checks used to purchase them were insufficient. Plaintiff's argument ignores the undisputed facts in this case. Defendant Grasso's affidavit clearly states that the Lumber-2 assistant manager called and advised the checks used to purchase the t-posts were denied for insufficient funds on November 20 and the t-posts were not seized until November 21.[11] Plaintiff offers no authority for the proposition that the tort of conversion provides a remedy for a legal seizure of evidence in a criminal investigation. Plaintiff's failure is not surprising, as Oklahoma law defines conversion as: "any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." Welty v. Martinaire of Oklahoma, Inc., 1994 OK 10, ¶ 6, 867 P.2d 1273, 1275. As noted above in resolving the Fourth Amendment claim, Defendant Grasso was acting with legal authority when he seized the t-posts. Consequently, no reasonable jury could find he "wrongfully asserted" dominion over the posts.

    Finally, to the extent Plaintiff argues 22 Okla. Stat. § 1321(b) sets forth the procedure for return of the t-posts, he fails to read the statute closely. The statute provides a mechanism

---

[11] As Defendants note in their Reply brief, the dates relied on by Plaintiff arising from processing stamps on the checks do not provide evidentiary support for the arguments made by Plaintiff. Moreover, none of those dates provide any basis to discredit the unchallenged affidavit of Defendant Grasso.

for regaining possession of property which has been stolen or embezzled. Thus, there is some question whether the statute even applies in this case. However, if it can be read to apply, the instructions in paragraph C apply as there is a dispute regarding ownership of the t-posts. That paragraph sets forth the procedure for a person in Plaintiff's position to take to regain possession of the property and provides a mechanism for him to assert his ownership and directs a judge to make a determination of ownership. Absent Plaintiff making a claim of ownership as set out in the statute, the statute imposes no obligation to return the property. That Plaintiff failed to act as required under the statute does not create a cause of action against Defendants. Defendants are entitled to judgment on Plaintiff's claim for conversion.

5. Intentional Interference with Contract

Plaintiff argues that Defendant Grasso interfered with his contract to buy the truck by convincing the dealership to repossess the vehicle. Plaintiff then sets out the elements of a claim for Intentional Interference with Contract and offers the conclusory statement that these elements are satisfied. However, Plaintiff once again ignores the undisputed facts in this case. Although Defendant Grasso admits he spoke with Ms. Larque about his suspicions regarding Plaintiff's criminal activity and Plaintiff's use of the truck in that activity, the evidence before the Court establishes two facts which prevent any reasonable jury from finding in Plaintiff's favor. First, under Oklahoma law, one of the elements that must be proven is that Defendant Grasso interfered with the contract using improper or unfair means. To the contrary, Defendant Grasso had his discussion with Ms. Larque after visiting with the

9

Lumber-2 assistant manager and learning the license plate number of the vehicle used to haul off the t-posts. At that time, Defendant Grasso had at least a reasonable suspicion that criminal activity had occurred. His discussions with Ms. Larque were intended to learn who had used the truck in that criminal activity. He had to speak with Ms. Larque because the truck was still registered to her employers. Thus, no reasonable jury could find that Defendant Grasso used unfair or improper means. Second, even when viewed in the light most favorable to Plaintiff, there is no evidence from which a jury could find that Defendant Grasso induced a breach of the contract. Defendant Larque's affidavit indicates that she told Plaintiff that she "might" repossess the truck due to Plaintiff's misrepresentations about the nature of his employment. Plaintiff testified that he consented to the repossession. There is no evidence from which a jury could find that Defendant Grasso acted with the intent of causing the repossession. Defendants are entitled to judgment on this claim.

6. Civil Conspiracy

In his Amended Complaint, Plaintiff raised a civil conspiracy claim. However, he failed to offer any evidence or argument in response to Defendants' motion on this issue. After review of Defendants' arguments and the facts supporting them, the Court finds Defendants are entitled to judgment on Plaintiff's claim for civil conspiracy. To make a claim for civil conspiracy, Plaintiff must show either an unlawful act or a lawful act done by unlawful means. Jurkowski v. Crawley, 1981 OK 110, ¶ 16, 637 P.2d 56, 62. As set forth herein, there is no evidence of any Defendant engaging in an unlawful act or doing a lawful

act by unlawful means. Accordingly, Plaintiff's civil conspiracy claim must fail. Id. ("there can be no conspiracy where the act complained of and the means employed are lawful.").

7. Replevin

Plaintiff brings a claim for replevin against Defendant City of Shawnee. However, in his response the only property he identifies as being subject to the claim are the t-posts. To establish a claim of replevin under Oklahoma law a plaintiff must show:

    a. a description of the property claimed,

    b. that the plaintiff is the owner of the property or has a special ownership or interest therein, stating the facts in relation thereto, and that he is entitled to the immediate possession of the property,

    c. that the property is wrongfully detained by the defendant,

    d. the actual value of the property, provided that when several articles are claimed, the value of each shall be stated as nearly as practicable,

    e. that the property was not taken in execution on any order or judgment against said plaintiff, or for the payment of any tax, fine or amercement assessed against him, or by virtue of an order of delivery issued under this chapter, or any other mesne or final process issued against said plaintiff; or, if taken in execution or on any order or judgment against the plaintiff, that it is exempt by law from being so taken

12 Okla. Stat. § 1571. As set forth more fully herein, the undisputed facts demonstrate that the property was not wrongfully taken or detained by any Defendant. Further, in light of Plaintiff's guilty plea to the charges stemming from the checks related to the t-posts, the undisputed facts do not establish that Plaintiff is entitled to immediate possession of the property. Plaintiff's claim for replevin must fail.

11

8. Remaining Defendants

With the disposition of the 42 U.S.C. § 1983 claims against Defendant City and Grasso, Plaintiff's claims which gave this Court jurisdiction are dismissed. Pursuant to 28 U.S.C. § 1367(c)(3), the Court may dismiss state law claims when original jurisdiction claims are dismissed. Given the lack of any meaningful activity by or against Defendant Tecumseh Auto Sales and the failure to properly and timely serve Defendant Larque, the Court elects to dismiss those Defendants without prejudice.

## CONCLUSION

As set forth more fully herein, the undisputed facts entitle Defendants City of Shawnee and Anthony Grasso to judgment on each of Plaintiff's claims. Accordingly, Defendants' Motion for Summary Judgment (Dkt. No. 49) is GRANTED. As no federal cause of action can be made against Defendant Tecumseh Auto Sales LLC, that Defendant is DISMISSED without prejudice. Defendant Larque is also DISMISSED without prejudice for failure to timely serve as required by Fed. R. Civ. P. 4(m) and because no federal cause of action can be made against her. A separate judgment will issue.

IT IS SO ORDERED this 21st day of December, 2010.

ROBIN J. CAUTHRON
United States District Judge